## Case No. 15,980.

### UNITED STATES v. PACHECO et al.

[Hoff. Dec. 62.]

District Court, N. D. California. March 22, 1862.

MEXICAN LAND GRANTS — OBJECTIONS TO SURVEY — ESTOPPEL.

[1. The claimants of a grant are estopped to object that parts of the land, which they have sold and conveyed as part of their rancho, are not within its limits, for the purpose of completing their quantity by embracing in the survey lands not conveyed by them.]

[2. The mere fact that the diseño of a neighboring rancho includes part of the land embraced in the claimants' diseño is no ground for excluding such land from the claimants' survey, where the adjoining rancho has not yet been surveyed, and the owners thereof have not intervened to assert their alleged rights.]

[Claim of Rosa de Pacheco and others to a rancho of four leagues in San Ramon valley, Contra Costa county. See Case No. 15,-981. On objections to the official survey.]

HOFFMAN, District Judge. The survey in this case is objected to on behalf of certain parties claiming an interest in the southwest corner of the rancho by deed from the original grantee. A portion of the land conveyed to them has not been included in the survey. In the grant the land is described as included between the Arroyo de las Nueces and the Sierra de las Golgones, bounded by the said places and by the ranchos of Las Juntas, San Ramon, and Monte del Diabolo. The fourth condition describes it as "two square leagues" (decided by the supreme court to have been erroneously substituted for four square leagues), "a little more or less, as shown by the map, which goes with the expediente." The diseño very distinctly represents a tract of land bounded on the west and east by the Arroyo de las Nueces and the Sierra da Golgones respectively on the north, by a line drawn from the creek to the sierra, and is described "Linea Divisoria;" and on the south by a chain of hills inscribed "Sierra Divisoria." There cannot be any doubt that this sierra was intended as the southern boundary of the tract. It is identified by the witnesses as a well-defined ridge or watershed, running from a couple of hills or arnitos, near the Nueces, to the Sierra de los Golgones. The southern line of the official survey has been located considerably north, and apparently at an arbitrary distance from this unmistakable natural boundary. I think it clear that against their own grantees the claimants have no right to elect a location of the land which shall not include all of the tract conveyed by them lying within the exterior limits of the diseño. The claimants of the residue of the rancho are the only parties who have formally appeared in support of the survey. But the counsel who appeared for them is also interested in, or represents, the adjoining rancho of the San Ramon. In the interest of the owners of that rancho (who have not intervened in this suit) he objected to any location of the southern line by which it shall be made to extend to the west until it met the Arroyo del Ingerto. Admitting this objection to be just, the survey would, nevertheless, be erroneous, for the line of the "Sierra Divisoria" is wholly neglected as a southern boundary. That boundary being fixed in the official survey at a considerable distance to the north of the sierra towards the western end, and at

an equal distance to the south of it, towards the eastern end. Whereas the indications of the diseño are clear that the sierra should be followed throughout the whole course of the southern boundary as near as may be. It is claimed on the part of the owners of San Ramon, that the southern line should stop before reaching the Ingerto, and that the boundary from that point is a line drawn a little west of north until it strikes the Arroyo de las Nueces a short distance above its junction with the Ingerto. In support of this location, the diseño of San Ramon is exhibited. On this is delineated the strip of land in question, lying on the east of the Ingerto, and extending northward to a point above the junction of the creeks. But the same piece of land is undoubtedly included within the diseño in the case at bar. The Rancho of San Ramon has not been surveyed, nor have the owners made themselves parties to this proceeding. No testimony as to the boundaries of that rancho has been taken, nor any information on the subject afforded, except the mere production of the diseño. It is by no means certain that the piece of land in question, though delineated on the diseño of San Ramon, was intended to be included within the tract actually granted. The diseños which accompanied the petitions addressed to the governor, not unfrequently represent large districts of country—far larger than it was intended to include even within the exterior boundaries within which the quantity granted was to be taken. They sometimes indicated the region of country where the land was situated, rather than the limits of the tract solicited. It is suggested that the diseño of San Ramon includes a quantity of land several times greater than to which it is alleged the grant is limited. However this may be, it is obviously impossible to declare, in the absence of all information as to the true boundaries of San Ramon, or of any elections of location which its owners may have made, and which would prevent them from crossing the creek, that this strip of land, though clearly within the limits of the claimants' diseño, and heretofore conveyed by them to third parties, should not be included within the survey merely because the same strip is represented on the diseño of San Ramon. It certainly does not lie in the mouths of the claimants to object that the land they have sold and conveyed as part of their rancho is not within its limits, and this in order that, by excluding it, they may complete their quantity of four leagues, by embracing lands not conveyed by them. I think, therefore, that the survey should be reformed by running the line as the same was located by Mr. Williamson, of the topographical engineers, and as laid down on the map attached to his deposition. I do not understand that the location made by him of the eastern portion of the southern line, or of the eastern and northern lines, is disputed. On the

coming in of that survey, the owners of San Ramon will have an opportunity to appear, and to show that the modified survey improperly embraces a portion of their land. It will then be possible, with both parties before the court, definitely to settle the disputed boundary between the ranchos.